**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**RAYMOND ALLEN DAVIS, Reg. # 41200-074**                                        **PLAINTIFF**

V.                              **CASE NO. 2:08cv209-JLH-BD**

**T. C. OUTLAW, Warden,
FCI - Forrest City, Arkansas**                                                          **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

II.     **Background**:

Plaintiff, a prisoner incarcerated at the Federal Correctional Institution in Forrest City, Arkansas, brings this action pro se under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971).  In his Complaint, Plaintiff challenges the Bureau of Prison's policy requiring inmates to use their own resources to pay for over-the-counter medications, a policy allegedly enforced by Defendant Outlaw.

Defendant Outlaw has filed a motion for summary judgment (docket entry #23). In the motion, Defendant Outlaw argues that the policy requiring federal prisoners to pay for over-the-counter medications is constitutionally sound.  He also argues that Plaintiff cannot prove that he acted with deliberate indifference to Plaintiff's medical needs, as a matter of law.  Plaintiff now has responded to Defendant Outlaw's motion (#28).

In his response, Plaintiff contends that Defendant Outlaw's characterization of this lawsuit as a *Bivens* action is incorrect.  Plaintiff claims that this is an action solely for declaratory and injunctive relief.  Further, Plaintiff argues that he is not alleging that Defendant Outlaw acted with deliberate indifference to his medical needs, but rather that the Bureau of Prisons lacks the authority to enact a policy requiring inmates to pay for over-the-counter medications.[1]

---

[1] In his response to the motion for summary judgment, Plaintiff plainly states that he has not alleged that Defendant Outlaw acted with deliberate indifference to his medical needs.  As a result, the Court will not address that claim in this Recommendation.

Based upon the evidence presented, Defendant Outlaw is entitled to summary judgment, and his motion (#23) should be GRANTED.

### III. Discussion:

A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

B.   *Bivens* Action

Here, Plaintiff attempts to characterize this lawsuit as a declaratory judgment action, rather than an action brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, *supra*. However, the fact that Plaintiff seeks only injunctive and declaratory relief does not change the nature of this lawsuit. Here, Plaintiff challenges the Bureau of Prison's policy requiring inmates to use their own resources to pay for over-the-counter medications. Such a claim has consistently been recognized as an Eighth Amendment claim. See *Blaise v. McKinney*, 187 F.3d 640, *1 (8th Cir. 1999) (unpub. table op.) ("Eighth Amendment's prohibition against cruel and unusual punishment requires prisons to provide basic medical care to inmates, but does not require that medical care be provided at no cost"); *Reynolds v. Wagner,* 936 F. Supp. 1216 (E.D. Pa. 1996) (policy requiring inmates to pay for medical services did not violate Eighth Amendment); *Johnson v. Dep't of Public Safety & Correctional Servs*, 885 F. Supp. 817 (D. Md. 1995) (upholding co-pay requirements for prison medical services despite Eighth Amendment challenge); and *Hudgins v. DeBruyn*, 922 F. Supp. 144 (S.D. Ind. 1996) (holding that the prison policy requiring inmates to pay for over-the-counter medications did not constitute cruel and unusual punishment). Accordingly, despite Plaintiff's jurisdictional statement to the contrary, he has filed a *Bivens* action under 28 U.S.C. § 1331.[2]

---

[2] The Court recognizes that Plaintiff states that he does not allege a constitutional violation in this action. However, by arguing that the Bureau of Prisons lacks the authority to enact the policy at issue, Plaintiff raises a constitutional issue.

C.  Over-the-Counter Medications

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prisons provide medical care to inmates. However, prisons are not required to provide this medical care irrespective of cost. See *White v. Corr. Med. Servs.*, 94 F. Appx. 262, 264 (6th Cir. 2004) (prisons and jails are entitled to charge inmates for necessities and medical care) and *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3rd Cir. 1997) (deliberate indifference standard does not guarantee prisoners the right to be free from cost considerations). Inmates may be constitutionally required to pay for their own medical expenses if they can afford to do so. See *Blaise v. McKinney*, 187 F.3d 640, *1 (8th Cir. 1999) (unpub. table op.) (stating that Eighth Amendment prohibition against cruel and unusual punishment does not require that medical care be provided to inmates free of cost); *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (holding that "requiring [county] inmates to pay for their own medications if they can afford to do so ... is not a federal constitutional violation"); and *Coleman v. Whitney*, 2006 WL 3791316, *2 (E.D.La. 2006)("Programs that require inmates to bear part of their own medical costs remain within constitutional bounds so long as the program does not condition the providing of necessary medical services on an inmate's ability to pay").

In *Garcia v. Lappin*, 2006 WL 897857 (W.D.Wis. 2006), a prisoner confined at the Federal Correctional Institution in Oxford, Wisconsin, raised the same challenge at issue here. The plaintiff in *Garcia* alleged that the Bureau of Prisons medication policy

5

requiring inmates to pay for over-the-counter medication violated his rights under the Eighth Amendment. The Court found the prisoner plaintiff's claim to be without merit:

> The Eighth Amendment guarantees that the government will not ignore an inmate's serious medical needs; it does not guarantee free medical care. Nothing in the Eighth Amendment requires the government to provide at no cost a commodity that would not be free outside the prison and that the inmate has the legal means to purchase. If a prison official withholds necessary medical care from an inmate with a serious medical need who cannot afford to pay, the official's action would violate the inmate's constitutional rights, but insisting that an inmate with sufficient funds pay for his own medical care is neither deliberate indifference nor punishment. A prison official violates the Eighth Amendment by refusing to provide prescribed [over-the-counter] medicine for a serious medical need only if the inmate lacks sufficient resources to pay for the medicine.

*Garcia*, 2006 WL 897857 at *3 (internal quotations omitted). For the same reasons, Plaintiff's claim in this case fails.

Here, Plaintiff does not allege that the medical co-pay resulted in medical care being withheld; rather, Plaintiff complains about the fact that he was forced to pay for his over-the-counter medication. Because Plaintiff has no constitutional right to receive medical care free of cost, his claim fails as a matter of law.[3]

## IV. **Conclusion:**

The Court hereby recommends that Defendant's motion for summary judgment (#24) be GRANTED and that Plaintiff's claims be DISMISSED with prejudice.

---

[3] Notably, there is nothing in the record indicating that Plaintiff lacked sufficient funds to pay for the over-the-counter medication at issue. Rather, the evidence shows that Plaintiff had approximately $4,400 available to him while incarcerated at the Federal Correctional Institution in Forrest City (#23-2 at p.5-14).

DATED this 28th day of May, 2009.

                                      _____
                                      UNITED STATES MAGISTRATE JUDGE